April 4, 1910.

---

No. 4938.

(Court of Appeal, Parish of Orleans.)

## LOUIS SPIRO vs. J. M. CONNOR ET AL.

[In this cause, Judges St. Paul and Godchaux being recused, Judges Ellis and King of the Civil District Court were called in to aid in the determination of the cause, and the opinion was delivered by Judge Ellis.]

---

Forman and Lautenschlaeger for plaintiff and appellant.

Foster, Milling & Brian for defendant and appellee.

ELLIS, J.—The plaintiff declares that he bought from R. J. Maloney, notary, a note of J. M. Connor for $2,000, of date February 21, 1904, at one year, with 8% interest

— 320 —

from date; that it bore the paraph of said notary, certifying that it was secured by an act of mortgage of same date, passed before him; that, on the faith of this official paraph, he paid said notary $2,000 for said note; that, in 1908, after receiving interest and extending the note, he ascertained that there was no mortgage securing the payment of said note, and that it was only the promissory note of an insolvent person.

On these allegations, to recoup his loss, he sued the maker of the note, Maloney, the notary, and Dr. J. H. Maloney, as surety on the bond of said notary.

The maker of the note made no defense, and was condemned by default. The notary plead the general issue, and, as to him, the case is pending. Dr. Maloney denied that he was the surety of said notary, when plaintiff bought the note declared upon, from said notary.

He alleged that plaintiff, in purchasing said note, was dealing with said notary, as a broker, and not as a notary public.

He also interposed, against the plaintiff's right of action, the prescription of one year. On these issues the case was heard as to said defendant, sued as surety, and the District Judge nonsuited the plaintiff, and he has appealed. Appellee has answered the appeal, praying that the judgment be amended, so as to make it absolute and final. On these pleas our findings are as follows:

**First.** The plea of prescription may be dismissed with the remark that the obligation of appellee, as surety on the notary's bond, was contractual.

**Second.** The defense that plaintiff bought the note from Maloney, as a note broker, is overthrown by the proof that he purchased on the faith of said Maloney's official paraph, certifying that said note was secured by a mortgage. The falsity of this paraph is plaintiff's

cause of action against the appellee, as surety on said notary's bond. Therefore, it is of no consequence that Maloney, the notary, may also have been a note broker.

**Nolan vs. Labatut, 117 La. 431; Spitzfaden case, No. 4892 of this Court.**

**Third.** The defense of discussion was not pleaded, but was advanced in argument. It was urged that the record shows that, on February 21, 1904, Connor, the maker of the $2,000 note held by plaintiff, executed an act of mortgage for $2,600 before Maloney, notary, and that there was no other act executed by him on that day; and, as the greater includes the less, that $2,600 mortgage may be the security for plaintiff's $2,000 note. The argument is that plaintiff should be compelled to discuss that mortgage, and that, until he does this, his suit to hold the appellee as Maloney's official surety, is not only premature but must fail on the merits; because, if it appears that his note of $2000 is secured by said mortgage, he has suffered no damage, even if Connor, the maker of the note, be insolvent.

The act of mortgage of date February 21, 1904, for $2,600, is in evidence. Comparison of it with plaintiff's note of $2,600 shows that both bear Connor's signature and have the same apparent date, and both, apparently, were executed before the same notary; but beyond this there is no identity. The one bears interest at 7%; the other at 8%; the one is payable at the Teutonia Bank & Trust Co.; the other at the Hibernia Bank & Trust Co.; the one is for $2,000; the other $2,600.

In the face of such facts, it would be vain and idle to require of plaintiff discussion of that mortgage, as a condition precedent to his right of action as propounded in his petition.

### On the Merits.

These defenses disposed of, we reach the merits and

the question of liability of the appellee, as the surety on said notary's official bond, to make good the damage sustained by plaintiff by reason of said false official paraph remains to be settled.

The apparent date of the false paraph on said note of $2,000 is February 21, 1904. At that time appellee was said notary's official surety. He was surety on said notary's bond from July 14, 1903, to June 26, 1905.

To hold the appellee, the plaintiff must show that said false notarial paraph caused him to purchase said note and pay $2,000 for it and thereby occasioned the loss and damage for which he sues, while the former was surety on said bond.

It would seem that said damage was caused by said paraph at the time that said notary sold the note to the plaintiff and received his money therefor. As long as said falsely-paraphed note remained in said notary's possession it was harmless. Therefore, its date, February 21, 1904, is no test of appellee's liability, as surety, although he was then the surety.

The question of fact then arises, when did plaintiff purchase the note and pay the $2,000 for it.

To fix this date, the burden is on the plaintiff. He testified that he bought the note a month or "a month and a half after its date"—i. e., in the spring of 1904; but cross-examination disclosed the unreliability of this positive assertion of date. In the case of **Spiro vs. Casanove, No. 90,054 of the District Court Docket,** plaintiff testified that he bought many notes from the notary, Maloney, and that when he bought a note he entered in a small book a memorandum of the date of his purchase and the name of the maker and amount of the note. It is true that he wavered from this statement under skillful examination of counsel, but invariably he got back to it. He testified that the note of $2,000 of Connor herein

involved is the only one of that amount made by Connor that he held. His testimony in the Casanove case and the memorandum book were put in evidence in this case. In the latter appears this entry, "Connor's February 21, '06, $2,000." Manifestly, according to the general effect of his testimony, that would seem the date of his purchase.

He testified, that he kept a bank account and paid the price of the note bought by him in checks, but he kept no checkbook, carrying check blanks loose, in his pocket an using them as required, and trusting to his little memorandum book to keep track of his investments in Maloney's mortgage notes, and with his interest collections.

He produced neither his canceled checks nor his bank account, but only said book of memoranda. The entry, above copied, is the only one relating to a note of Connor of $2000. If he bought that note "a month or month and a half after its date," February 21, 1904, why did he delay entering his memorandum of it until February 21, 1906? At that date appellee had ceased to be the surety of said notary.

The District Judge nonsuited the plaintiff because he had failed to prove the date of his purchase and we concur in his finding. If all of plaintiff's allegations be true he was grievously wronged and damaged by said notary and the surety on his official bond ought to be held liable. Whether that surety, at the time of plaintiff's purchase of the Connor note, was the appellee or his successor as said notary's bondsman, the plaintiff has failed to prove.

He ought, by his bank account, to be able to fix the date of his purchase; and this done, he would know against which surety of said notary to proceed.

We do not think that the appellee should be held impleaded in court while the plaintiff is in quest of evi-

— 324 —

dence which he ought to have known when he brought this suit.

We think, therefore, that our brother of the District Court wisely exercised his judgment when he directed the nonsuit.

Judgment affirmed, with costs.